Michael D. Nilsen
11300 W. Widgeon Way
Clearlake Oaks, CA 95423
707-245-7001
Pro Se

FILED

JUL 24 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Nilsen | CASE NO: CV 17 4175 NJV |
| Plaintiff, | VERIFIED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS |
| vs. | U.S.C. TITLE 42 §1983, §1985, §1986, §1988 |
| JUDGE ANDREW S. BLUM; JUDGE ARNOLD M. ROSENFIELD; JUDGE MICHAEL S. LUNAS; SUPERIOR COURT of CALIFORNIA, COUNTY of LAKE; | 1. UNLAWFUL ARREST 2. FALSE ARREST & IMPRISONMENT 3. KIDNAPPING 4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| Defendants. | 5. CONSPIRACY 6. NEGLECT TO PREVENT DAMAGE 7. 5TH & 14 AMENDMENT VIOLATIONS |
| | DEMAND FOR TRIAL BY JURY |

## INTRODUCTION AND OPENING STATEMENT

This is an action brought by Plaintiff against State Judicial Officials acting under the color of Law for civil rights violations, conspiracy, neglect to prevent damages, violations of due process of Plaintiffs 4th, 5th & 14th amendment protections; involving unlawful arrest, false imprisonment, kidnapping, loss of social standing and intentional infliction of emotional distress.

1   At all times relevant herein the Defendants, all State Judicial Officials acting under the

2   color of Law and outside the scope of their jurisdiction and authority, willfully caused Plaintiff a

3   damage and physical injury, and in so doing, violated clearly established law, as those laws apply

4   to Plaintiff's rights protected under the Constitution, particularly under the 4th, 5th, and 14th

5   Amendments.

6   Be it known, each of the state officials herein have sworn an "oath of office" in regards to

7   their duties and therefore each of their acts under "color" of state law is in direct violation of

8   

9   their oath of office and equates to CRIMINAL CONSPIRACY under section 1985 and 1986,

10  Defendant's actions is tantamount to nothing less than CRIMINAL TREASON against the

11  

12  United States Constitution and the people of the United States AND California.

13  ## I.    JURISDICTION AND VENUE

14  1.    Plaintiff brings this action pursuant to Title 42 USC sections §1983, §1985, §1986

15  and §1988, and invokes the jurisdiction of this court pursuant to Title 28 USC Section §1343

16  (A)(3)(4), Section §1331, and pursuant to the 5th & 14th Amendment,  and the Civil Rights Act of

17  

18  1870. At all times relevant, all of the causes of action were committed within the geographical

19  jurisdiction of this court. and supplemental jurisdiction exists for any state law claims pursuant to

20  28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendants conduct business

21  in the state of California and therefore, personal jurisdiction is established.

22  

23  ## II.    PARTIES

24  2.    Plaintiff Michael Nilsen, (hereinafter Nilsen), at all times relevant herein, lived at

25  11300 W. Widgeon Way, in the city of Clearlake Oaks, Lake County, California, 95423.

26  3.    Defendant JUDGE ANDREW S. BLUM , (hereinafter BLUM) at all times

27  relevant to this compliant was a Judicial Officer employed by the SUPERIOR COURT of

28

CALIFORNIA, COUNTY of LAKE. BLUM is believed to be a resident of Lake County, California, and is being sued individually and in his official capacity.

4.    Defendant JUDGE ARNOLD M. ROSENFIELD, (hereinafter ROSENFIELD) at all times relevant to this compliant was a Judicial Officer employed by the SUPERIOR COURT of CALIFORNIA, COUNTY of LAKE. ROSENFIELD is believed to be a resident of Sonoma County, California, and is being sued individually and in his official capacity.

5.    Defendant JUDGE MICHAEL A LUNAS, (hereinafter LUNAS) at all times relevant to this compliant was a Judicial Officer employed by the SUPERIOR COURT of CALIFORNIA, COUNTY of LAKE. LUNAS is believed to be a resident of Lake County, California, and is being sued individually and in his official capacity.

6.    Defendant SUPERIOR COURT of CALIFORNIA, COUNTY of LAKE, (hereinafter LCSC), is a municipal corporation within the State of California, 255 North Forbes Street, Lakeport, CA 95453. At all times relevant to this complaint it either directly or indirectly trained, controlled, made policy for, employed, supervised, compensated, enriched, or rewarded some or all of the other defendants for their actions throughout and beyond this case. The LCSC is being sued as a PERSON.[1]

7.    Defendants BLUM, ROSENFIELD, and LUNAS are compensated, enriched, and rewarded as Judicial Officers by the SUPERIOR COURT of CALIFORNIA, COUNTY of LAKE. At all relevant times they were working out of and acting in such capacity as the agent, servant, and employee of SUPERIOR COURT of CALIFORNIA, COUNTY of LAKE.

---

[1] Per <u>Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)</u>

8.     Defendant ROSENFIELD, upon information and belief, is a retired Judicial Officer and a traveling Justice within the Assigned Judges Program, and was assigned to NILSENs case at the time of the violations of his constitutional protections.

### III.    SIMPLE STATEMENT OF FACTS

9.     Nilsen was arrested in Lake County on April 10, 2015 and charged in a criminal case CR938961 for DUI.

10.    During the course of Nilsen's hearings, Nilsen filed three appeals to the Appellate Department of the SUPERIOR COURT OF CALIFORNIA, COUNTY OF LAKE.

11.    When an appeal is filed, the Superior Court loses jurisdiction until the Appellate Department renders its Judicial determination, makes its ruling or order, executes the ruling or order, and the remittitur is returned from the Appellate Department to the Superior Court. This remittitur will be placed into the file and recorded in the Registry of Actions. Until that has happened, the Superior Court nor its Judicial Officers have no or are absent jurisdiction.

12.    Judges and the Superior Court enjoy complete judicial and absolute immunity for all things, other than acting absent jurisdiction.

13.    A Judicial Officer or the Superior Court acting without jurisdiction is acting under color of law, and loses its judicial and absolute immunity.

14.    As of the date of this complaint filing, not one of the three appeal Remittiturs has been returned to the Superior Court with an executed judicial determination, recorded in the Registry of Actions and placed into the file.

15.    As to Defendants LCSC, and BLUM of the Superior Court, the appeals to the appellate department from the Superior Court are also ruled on by BLUM and LUNAS, who are

not only on the Appellate Department panel, but one the justices whom Nilsen had to constantly

appear in Superior Court, and BLUM also is the Presiding Judge of the LCSC.

16.    Nilsen has had several appearances between BLUM and LUNAS in the Superior

Court from January 2017, and on each occasion challenged the Defendants that the remittitur has

not been returned.

17.    Since Defendant BLUM is not only in the Superior Court but the Presiding Judge

of the Superior Court, and is head of the Appellate Department panel, each (the Appellate

Department and the lower Superior Court) is factually aware of the status of the remittitur and

loss of jurisdiction in the lower Superior Court.

18.    All Nilsen appearances in 2017, without a properly returned remittitur, are absent

jurisdiction; hence all actions of the Judicial Officers and the Superior Court do not have judicial

or absolute immunity.

19.    All Nilsen appearances in 2017, orally during court process and in writing, Nilsen

have informed all Defendants that they are acting absent or in excess of their jurisdiction.

20.    Nilsen has on at least three occasions notified the California Supreme Court, filed

complaints with the Judicial Council, informed the Governor, Attorney General, and LCSC by

and thru the Presiding Judge, Defendant BLUM that their actions are absent jurisdiction.

21.    On May 12, 2017 Nilsen appeared before Defendant BLUM and BLUM set

NILSEN for trial on May 17, 2017.

22.    On May 17, 2017 Nilsen appeared before Defendant ROSENFIELD, orally made

an objection and non-stipulation that ROSENFIELD had any jurisdiction, and if ROSENFIELD

felt he had any jurisdiction to put it on the record. ROSENFIELD did not put anything on the

record. Nilsen left the court hearing.

23.     On May 17, 2017 after Nilsen left the court hearing, ROSENFIELD and the People has improper ex-parte hearings in chambers. ROSENFIELD then returned to open court and issued a bench warrant for non-appearance of Nilsen for 5 times the original bail amount.

24.     Nilsen was arrested on May 17, 2017 and confined, and returned to LUNAS on May 18, 2017 for court hearing, Nilsen informed LUNAS of the May 17, 2017 facts and again challenged LUNAS of the remittitur, and LUNAS told Nilsen to file a motion. LUNAS held Nilsen into custody.

25.     On May 19, 2017 Nilsen was again before BLUM for trial readiness, again informed and challenged BLUM regarding return of the remittitur, and BLUM told Nilsen to file a motion; then set Nilsen for trial May 24, 2017.

26.     Nilsen had to bail out for his freedom.

27.     Nilsen was unlawfully arrested without a lawful 4th Amendment warrant or Bench warrant. The Defendants acted without authority, in excess of their jurisdiction, and beyond the scope of their powers.

28.     Nilsen was falsely imprisoned by Defendants acting absent or in excess of any jurisdiction. The false imprisonment was willful and unlawful, without Nilsen's consent and over his objection.

29.     Nilsen was seized and kidnapped, held for ransom of 5 times bail.

30.     Defendant LCSC as a policy or custom neglected to train, supervise, control, correct the abuse of authority, or discourage the unlawful use of authority of the Defendant Judicial officers and agents. The failure to train Defendant Judicial officers included the failure to instruct them in applicable provisions of the United States Constitution and applicable California statutes and law dealing in use of unlawful arrest of citizens, false imprisonment, and

on kidnapping of citizens absent jurisdiction or a 4th Amendment compliant warrant, on seizure of property or persons without valid warrants.

31.    Defendant LCSC has created a policy and custom or to promote a policy or custom to act in concert with the other Defendants herein to violate Nilsen's rights.

32.    Defendants LCSC is without Subject Matter Jurisdiction, or authority, lack of probable cause, lack of a crime, lack of a 4th Amendment warrant based upon a crime, lack of any testifying witness(es) other than Defendant Judicial officers with total disregard for Nilsen's rights under clearly established law.

33.    Nilsen has been damaged, has Article III standing.

## IV.    FEDERAL CAUSES OF ACTION

34.    Nilsen re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

35.    The herein described actions, engaged in under color of state authority by the Defendants, including Defendant LCSC, sued as a person, responsible because of its authorization, condoning, and ratification thereof for the acts of its Judicial officers, agents, and servants, deprived Nilsen of rights secured to him by the constitution of the United States, including, but not limited to, his fourth amendment right to be free from unlawful search and seizure of his person, his eighth amendment right to be free from cruel and unusual punishment, and his fifth and fourteenth amendment right to substantive and procedural due process of law, and the right to be free from unjustified breech of peace by the officers and agents of LCSC as contained in the United States Constitution. The actions of Defendants shocks the public conscience.

36.     Defendant LCSC, being sued as a person, maintains a pattern and practice of depriving people of their liberty, property, and breeching the peace and causing damage without probable cause or proper foundation as secured by the United States Constitution as demonstrated deprivation of Nilsen's rights. This again shocks the public conscience.

**37.**     Defendant LCSC failed and neglected to properly train and supervise its employees, and especially its Judicial officers, with respect to individual rights as protected by the Constitution of the United States as evidenced by the several abuses and damages sustained by Nilsen.

## V.     <u>FIRST CAUSE OF ACTION – UNLAWFUL ARREST</u><br><u>(AS TO DEFENDANTS ROSENFIELD AND LCSC)</u>

38.     Nilsen re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

39.     At all times relevant, listed Defendants, were acting within the scope of their presumed duties as employees or agents of Defendant LCSC when depriving Nilsen of his rights, liberty and freedom from unprovoked attacks and unlawful arrest[2] and other violations of established laws protected by the 4th, 5th, and 14th Amendments.

40.     Nilsen has never missed a court date, appearance or hearing since inception of his state case.

41.     On May 17, 2017 Defendants ROSENFIELD AND LCSC acted under color of state law when acting absent jurisdiction or in excess of their jurisdiction. There was no error or mistake, ROSENFIELD and LCSC knowingly and willfully acted with intent and without

---

[2] It has been held that an action lies against an officer under 42 U.S.C.A. § 1983 for the deprivation of a federally protected right occasioned by an unlawful arrest and detention effected under color of state law.

probable cause or jurisdiction, issuing an erroneous bench warrant for failure to appear on May 17, 2017 when Plaintiff did in fact appear.

42.     These actions subjected Nilsen to deprivation of his rights, privileges, and immunities secured by the Federal Constitution and laws by imprisonment, loss of freedom, and costs of bail willfully and intentionally set in an amount five times over original bail.

## VI.    SECOND CAUSE OF ACTION – FALSE ARREST & IMPRISONMENT (AS TO DEFENDANTS  ROSENFIELD & LCSC)

43.     Nilsen re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

44.     On May 17, 2017 Defendants ROSENFIELD AND LCSC acted under color of state law when acting absent jurisdiction or in excess of their jurisdiction. There was no error or mistake, ROSENFIELD and LCSC knowingly, willfully and intentionally  acted with intent and without probable cause or jurisdiction, issuing an erroneous bench warrant for failure to appear on May 17, 2017 when Plaintiff did in fact appear.

45.     Specific actions of these Defendants, the intentional issuance of an erroneous bench warrant without probable cause or jurisdiction, causing Nilsen to be falsely arrested[3] and incarcerated for days without his consent and over his objections.

46.     At all times relevant, listed Defendants, were acting within the scope of their presumed duties as employees or agents of Defendant LCSC when depriving Nilsen of his rights,

---

[3] The tort of false imprisonment consists of unlawful restraint or confinement, and the cause of action arises immediately on the commission of the wrongful act. False arrest and imprisonment are the same tort. The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.

liberty and freedom from unprovoked attacks and false imprisonment and other violations of

established laws protected by the 4th, 5th, and 14th Amendments.

## VII.  THIRD CAUSE OF ACTION – KIDNAPPING (AS TO DEFENDANTS ROSENFIELD & LCSC)

47.     Nilsen re-alleges and incorporates by reference the facts and allegations contained

in the Paragraphs above as though fully set forth herein.

48.     On May 17, 2017 Defendants ROSENFIELD AND LCSC acted under color of

state law when acting without jurisdiction or in excess of their jurisdiction. There was no error or

mistake, ROSENFIELD and LCSC knowingly and willfully acted with intent and without

probable cause or jurisdiction, issuing an erroneous bench warrant for failure to appear on May

17, 2017 when Plaintiff did in fact appear.

49.     Specific actions of these Defendants, the intentional issuance of an erroneous

bench warrant without probable cause or jurisdiction, causing Nilsen to be kidnapped.[4]

50.     At all times relevant, listed Defendants, were acting within the scope of their

presumed duties as employees or agents of Defendant LCSC when depriving Nilsen of his rights,

liberty and freedom from unprovoked attacks and unlawful kidnapping and other violations of

established laws protected by the 4th, 5th, and 14th Amendments.

## VIII.  FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AS TO ALL DEFDENANTS)

51.     Nilsen re-alleges and incorporates by reference the facts and allegations contained

in the Paragraphs above as though fully set forth herein.

---

[4] Seizing a person for ransom, reward, or extortion does not require asportation of the victim. Penal Code § 209 merely requires that the kidnapper "hold or detain" the victim. The crime of simple kidnapping, as distinguished from aggravated forms of the offense, is not a crime that requires specific intent.

52.     The ultimate facts constituting the outrageous conduct underlying the cause of action outlined below:

    a.  All Defendants continuing to intimidate and threaten Nilsen upon each court appearance, and intentionally acting absent jurisdiction as no remittitur being returned;

    b.  All Defendants not validating or verifying the remittitur or jurisdiction has been returned to the Superior Court;

53.     Defendant's actions were outrageous, intentional and malicious, and done with reckless disregard of the fact that the actions would certainly cause Nilsen to suffer severe emotional and physical distress.[5]

54.     At all times relevant, all Defendants, were acting within the scope of their presumed duties as employees or agents of Defendant LCSC when depriving Nilsen of his rights, liberty and freedom from unprovoked attacks, unlawful arrest, unlawful false imprisonment, unlawful kidnapping, and loss of standing causing fear and emotional distress.  Nilsen suffered both physical and emotional cruel and unusual punishment in violation of the unreasonable actions of Defendants on May 17, 2017 and other violations of established laws protected by the 4th, 5th, and 14th Amendments. The Defendants acted with intent to inflict the emotional distress injury and or the realization that the injury was substantially certain to result from their conduct and specifically directed their actions to Nilsen.

55.     Nilsen is suffering severe fear and emotional distress, anxiety, fear of authority and loss of faith in its Government and Judicial officers as a direct cause of Defendants actions.

---

[5] A cause of action for intentional infliction of emotional distress exists when there has been (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff has suffered severe or extreme emotional distress; and (3) the defendant's outrageous conduct was the actual and proximate causation of the emotional distress.

1  Nilsen constantly fears of being unlawfully arrested, unlawfully false imprisoned and unlawfully

2  kidnapped again, for no good or lawful reason,  and each time Nilsen sees Government officials

3  and Judicial officers Nilsen suffers emotional distress due to unlawful acts by Defendant LCSC

4  and its Judicial officers Defendants.

5

6  56.     As a proximate result of the acts of all Defendant's, Plaintiff's suffered

7  manifestations of severe emotional distress, specifically in the form of humiliation, mental

8  anguish, anxiety, emotional distress, psychosis, loss of sleep, loss of appetite, and fear. The acts

9
   of all Defendants have injured Nilsen in mind and body. Some of the manifestations of
10
   Defendant ROSENFIELDs conduct on Nilsen, upon being arrested without probable cause when
11

12  the LCSC and ROSENFIELD did not have jurisdiction to proceed, Nilsen noticed changes to his

13  well-being. This was discovered by Nilsen and by others who reported to Nilsen the following

14
   observations. Nervousness, becoming sick right after the court appearances or court process,
15

16  stress, unable to focus or keep a train of thought for a period of time, loss of sleep, loss of

17  appetite, lack of patience with others and anger right after being falsely arrested and incarcerated.

18  57.     All the Defendant's conduct was done knowingly, willfully, and with malicious

19  intent, and Nilsen is entitled to punitive damages in an amount to be determined by proof at trial.

20
                    **IX.     FIFTH CAUSE OF ACTION – CONSPIRACY §1985**
21                                  **(AS TO ALL DEFDENANTS)**

22
   58.     Nilsen re-alleges and incorporates by reference the facts and allegations contained
23

24  in the Paragraphs above as though fully set forth herein.

25  59.     Nilsen being arrested deprived him of equal protection, the final act in furtherance

26  of conspiracy, and injury constituting deprivation of his rights resulting therefrom.

27

28

60.     Nilsen alleges all Defendants acted in concert[6] and continued to bounce Nilsen from courtroom to courtroom in the Superior Court to inflict injury, aware that the remittitur and thus jurisdiction was absent in the lower Superior Court.

61.     All of the Defendants, at all times herein relevant, acted in bad faith, wantonly, recklessly, willfully, maliciously, and "in concert"[7] with additional state officers showing a deliberate indifference towards Nilsen and Nilsen's rights protected, and guaranteed by the Constitution, with the direct intent and sole purpose of injuring, humiliating, vexing, oppressing, and causing mental anguish to Nilsen, by the reason of which Nilsen is entitled to an award of punitive damages.

62.     As a proximate and direct result of the actions of the Defendants herein, Nilsen's rights were knowingly violated in direct violation of clearly established Federal law. Nilsen is still pending in state court action and in constraint of liberty due to the unreasonable and unlawful actions of Defendants acting in concert and committed under the "Color of Law".

## X.     SIXTH CAUSE OF ACTION – NEGLECT TO PREVENT DAMAGE §1986 (AS TO ALL DEFENDANTS)

63.     Nilsen re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

64.     Section §1986[8] allows cause of action against party who had knowledge of §1985

---

[6] "Civil conspiracy" is combination of two or more persons acting in concert to commit unlawful act, or to commit lawful act by unlawful means, the principal element of which is agreement between parties to inflict a wrong against or injury upon another, and overt act that results in that damage.

[7] The elements of a claim under § 1985(3) are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom.

[8] Cause of action is provided by §1986 against anyone who, having knowledge that any wrongs about to be done and mentioned in §1985 are about to be committed and having power to prevent

conspiracy, had power to prevent it, and then failed to do so.

65.     During the course of the 2017 court appearances, absent jurisdiction and in violation of due process, each Defendant had the knowledge and power to stop the actions of the conspiracy or the other parties acting in concert.

66.     Each Defendant had a duty and obligation to stop the wrongdoings of all the other Defendants, and failed to do so.

XI.    **SEVENTH CAUSE OF ACTION – 5TH & 14TH AMENDMENT VIOLATIONS (AS TO ALL DEFDENANTS)**

67.     Nilsen re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

68.     Nilsen was denied his procedural and substantive due process rights afforded by due process as guaranteed by the 5th and 14th Amendments because of the actions of the Defendants.

69.     Nilsen is entitled to fair hearings regarding his state court process.

70.     The Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution guarantees certain fundamental rights, including the right to a fair and meaningful hearing prior to the deprivation of liberty or property.

71.     Nilsen's loss of liberty by a false and unlawful bench warrant for 5 times the original case amount by a court lacking jurisdiction is prime facie evidence of his damage by the Defendants violative actions.

72.     Nilsen was not provided fair and unbiased hearings in the Superior Court by all Defendants due to Defendants not following California laws, rules of court and procedure; committing fraud upon the court by acting without jurisdiction.

or aid, neglects to do so.

73.     Nilsen was injured and his substantive[9] and procedural[10] due process rights being violated by Defendants, who are Jurists and knew or should have known that there is a substantial risk of harm. Defendant's actions were willful and intentional and done with malice and deliberate indifference.

## XII.    PRAYER AND DEMAND

74.     Nilsen re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

75.     WHEREFORE Nilsen demands judgment against the defendants, jointly and severally, as follows:

a.  As compensatory damages **each** for Counts 1, 2, 3, 4, 5, 6, & 7 the sum of $2,000,000.00 each  (two million dollars); total $14,000,000.00 (fourteen million dollars);

b.  As punitive damages **each** for Counts, 1, 2, 3, 4, 5, 6, & 7 the sum of $2,000,000.00 each (two million dollars); total $14,000,000.00 (fourteen million dollars);

c.  For all costs and disbursements of this action;

d.  For all attorney's fees incurred in prosecuting this action pursuant to 42 U.S.C. 1988;

e.  The right to amend this compliant as warranted by further evidence and fact finding;

f.  And other such further relief as to the deems proper;

## TRIAL BY JURY IS HEREBY DEMANDED.

---

[9] To make out a substantive due process claim under the state-created danger exception, a plaintiff must show that: (1) that the state by its affirmative acts, created or increased a danger that plaintiff faced; (2) that the state's failure to protect plaintiff from danger was the proximate cause of his injury; and (3) that the state's failure to protect plaintiff shocks the conscience.

[10] Due Process Clause imposes duty on state to protect individual from private violence (1) when state has special relationship with person, such as when it has custody over person, and (2) when state affirmatively places particular individual in position of danger that individual would not otherwise have faced.

July 24, 2017

Respectfully submitted:

Michael Nilsen, Plaintiff Pro Se
11300 W. Widgeon Way
Clearlake Oaks, CA 95423

## VERIFICATION

Declaration of Michael Nilsen

I, Michael Nilsen declare as follows:

1. I am the Plaintiff in the above entitled matter.

2. I am of age, sound of mind and competent to testify to facts based on first hand knowledge of above items so stated.

3. I have been damaged financially, socially and emotionally as a result of Defendant's unlawful actions and conduct.

4. I have read the foregoing pleading and know the facts therein stated to be true and correct.

5. I declare, under penalty of perjury pursuant to the laws of California and the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

July 24, 2017

Michael Nilsen, Declarant