CRAIG L. JUDSON - 114926
SHARON M. NAGLE – 179124
Bold, Polisner, Maddow, Nelson & Judson
A Professional Corporation
2125 Oak Grove Road, Suite 210
Walnut Creek, CA 94598
(925) 933-7777 – Telephone
(925) 933-7804 – Fax
Email: snagle@bpmnj.com

Attorneys for Defendants
Superior Court of California, County of Lake;
the Honorable Andrew S. Blum, Presiding Judge
of the Superior Court of California, County of Lake;
the Honorable Michael S. Lunas, Judge of the
Superior Court of California, County of Lake;
the Honorable Arnold D. Rosenfield, Judge of the
Superior Court of California, County of Lake (Ret.)
(erroneously sued as Judge Arnold M. Rosenfield)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL D. NILSEN, <br><br> Plaintiff, <br><br> vs. <br><br> JUDGE ANDREW S. BLUM, et al. <br><br> Defendants. | Case No. CV-17-4175-WHA <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF TO DISMISS PLAINTIFF'S COMPLAINT <br><br> Date: October 5, 2017 <br> Time: 8:00 a.m. <br> Courtroom: 8 |

# TABLE OF CONTENTS

| | | PAGE |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION | 3 |
| A. | Plaintiff's Claims Against the Judicial Defendants Are Barred by the Eleventh Amendment | 3 |
| B. | Plaintiff's Complaint Should Be Dismissed Based Upon the *Younger* Abstention Doctrine | 4 |
| C. | Plaintiff's Complaint Is Barred Under the Rooker-Feldman Doctrine | 5 |
| IV. | ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFF'S COMPLAINT | 7 |
| V. | PLAINTIFF'S STATE CLAIMS MUST BE DISMISSED BECAUSE HE FAILED TO COMPLY WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT | 9 |
| VI. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

PAGE

Cases

*Abelleira v. District Court of Appeal*, 17 Cal.2d 280 (1941) .................................................. 9

*Belander v. Madera Unified School District* 963 F.2d 248 (9th Cir. 1988) ............................ 4

*Bradley v. Fisher*, 80 U.S. 335 (1871) ...................................................................................... 7

*City of Stockton v. Superior Court*, 42 Cal.4th 730 (2007) ..................................................... 9

*District Court of Columbia Court of Appeals v. Feldman* 460 U.S. 462 (1983) .................... 6

*Durning v. Citibank, N.A.* 950 F.2d 1419 (9th Cir. 1991) ........................................................ 3

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.* 544 U.S. 280 (2005) .................................... 6

*Franceschi v. Schwartz* 57 F.3d 828 (9th Cir. 1995) ............................................................... 3

*Gibson v. Berryhill* 411 U.S. 564 (1973) ................................................................................. 5

*Greater Los Angeles Council on Deafness, Inc. v. Zolin* 812 F.2d 1103 (9th Cir. 1987) ........ 4

*Hebbe v. Pliler* 627 F.3d 338 (9th Cir. 2010) .......................................................................... 1

*Hirsh v. Justices of the Supreme Court of the State of California* 67 F.3d 708 (9th Cir. 1995) .. 5

*Lance v. Dennis* 546 U.S. 459 (2006) ...................................................................................... 6

*Leer v. Murphy* 844 F.2d 628 (9th Cir. 1988) ......................................................................... 4

*Lefcourt v. Superior Court*, 63 F.Supp.2d 1095 (N.D. Cal. 1999) .......................................... 6

*Mireles v. Waco*, 502 U.S. 9 (1991) ......................................................................................... 7

*Nguyen v. Los Angeles County Harbor/UCLA Medical Center*, 8 Cal.App.4th 729 (1992) ...... 9

*Pennhurst State School & Hosp. v. Halderman* 465 U.S. 89 (1984) ...................................... 4

*Phillips v. Desert Hospital District*, 49 Cal.3d 699 (1989) ..................................................... 9

*Regents of the University of California, et al. v. Doe*, 519 U.S. 425 (1997) .......................... 4

*Rogers v. Centrone*, 261 Cal.App.2d 361 (1968) .................................................................... 9

*Rooker v. Fidelity Trust Co.* 263 U.S. 413 (1923) ................................................................... 6

*Shucker v. Rockwood*, 846 F.2d 1202 (9th Cir. 1988) ................................................................ 8

*State of California v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234 (2004) .......... 9

*Stump v. Sparkman*, 435 U.S. 349 (1978) ................................................................................... 7

*Taliaferro v. County of Contra Costa*, 182 Cal.App.2d 587 (1960) ........................................... 8

*Tietz v. Los Angeles Unified School Dist.*, 238 Cal.App.2d 905 (1965) ................................... 10

*Torres v. County of Los Angeles*, 209 Cal.App.3d 325 (1989) ................................................... 9

*United States v. Adair* 723 F.2d 1394 (9th Cir. 1983) ................................................................ 5

*Willett & Burr v. Alpert*, 181 Cal. 652 (1919) ............................................................................ 8

*Worldwide Church of God v. McNair* 805 F.2d 888 (9th Cir. 1986) .......................................... 5

*Younger v. Harris* 401 U.S. 37 (1971) ........................................................................................ 4

**Statutes**

Cal. Gov. Code § 810 .................................................................................................................... 9

Cal. Gov. Code § 815.2(b) ......................................................................................................... 7, 8

Cal. Gov. Code § 905 .................................................................................................................... 9

Cal. Gov. Code § 911.2 ................................................................................................................. 9

Cal. Gov. Code § 945 .................................................................................................................... 9

Cal. Gov. Code § 945.4 ................................................................................................................. 9

Cal. Gov. Code § 950.2 ................................................................................................................. 9

Federal Rule of Civil Procedure Rule 12(b)(1) ..................................................................... 1, 3, 7

Federal Rule of Civil Procedure Rule 12(b)(6) ........................................................................ 1, 3,

28 U.S.C. § 1983 ........................................................................................................................... 6

Eleventh Amendment of the United States Constitution ...................................................... 1, 3, 4

## I. INTRODUCTION

Plaintiff alleges seven causes of action against moving defendants Superior Court of California, County of Lake ("Superior Court"); the Honorable Andrew S. Blum, Presiding Judge of the Superior Court; the Honorable Michael S. Lunas, Judge of the Superior Court; and the Honorable Arnold D. Rosenfield, Judge of the Superior Court (Ret.) (erroneously sued as Judge Arnold M. Rosenfield) (hereinafter collectively referred to as "the Judicial Defendants.") (hereinafter collectively referred to as "the Judicial Defendants.") Judge Blum and Judge Lunas are superior court judges in Lake County, California. Judge Rosenfield is a retired judge who was sitting by assignment to the Superior Court. Essentially, Plaintiff complains that the state court judges acted without jurisdiction because he appealed certain rulings in his criminal case and the judges took action before remittiturs were issued. Plaintiff's disagreement with the decisions of the Superior Court judges does not grant him a right to relief in this court.

As discussed in detail below, Plaintiff's entire complaint (Docket 1) must be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) and Rule 12(b)(6) because this Court does not have subject matter jurisdiction and the complaint does not contain facts which "'state a claim to relief that is plausible on its face.'" (*Hebbe v. Pliler* 627 F.3d 338, 341–42 (9th Cir. 2010).) This Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine, and the Eleventh Amendment of the United States Constitution.

Aside from the fatal jurisdictional defects, Plaintiff's complaint must also be dismissed because it does not state a claim for relief as the Judicial Defendants are entitled to judicial immunity. Lastly, the complaint must also be dismissed because Plaintiff has not alleged compliance with the California Government Claims Act. Plaintiff cannot cure

these defects by amending his complaint and therefore the complaint should be dismissed against the Judicial Defendants without leave to amend.

## II. STATEMENT OF FACTS

Plaintiff was arrested in Lake County on April 10, 2015 and charged with driving while intoxicated.[1] In the course of his criminal prosecution, Plaintiff filed three appeals with the appellate department of the Superior Court. Plaintiff asserts that a remittitur has not been issued in any of the three appeals. (Complaint, p. 4.) Plaintiff further contends that on May 12, 2017, Judge Blum set a trial date of May 17, 2017. On that date, Plaintiff appeared before Judge Rosenfield, objected to any assertion of jurisdiction, and left the courtroom. (Complaint p. 5.)

Plaintiff was arrested shortly after the hearing on May 17, 2017. He appeared before Judge Rosenfield on May 18, 2017 and again objected to Judge Rosenfield's jurisdiction. (Complaint p. 6.) When Plaintiff appeared before Judge Rosenfield on May 19, 2017, Plaintiff again challenged jurisdiction. Judge Rosenfield set trial for May 24, 2017. (*Ibid.*) Trial was continued to August 16, 2017. (See, Request for Judicial Notice, Exhibit A, Register of Actions, Docket 70-4, *Nilsen v. Erickson, et al.*, case 16-CV-03631.)

Plaintiff alleges seven causes of action: (1) Unlawful Arrest (against Judge Rosenfield and the Superior Court); (2) False Arrest and Imprisonment (against Judge Rosenfield and the Superior Court); (3) Kidnapping (against Judge Rosenfield and the Superior Court); (4)

---

[1] Plaintiff filed an earlier, separate complaint against several Superior Court judges in connection with his arrest: Judge Michael S. Lunas, Presiding Judge Andrew S. Blum, Judge Arthur H. Mann, and Judge Stephen O. Hedstrom (U.S. District Court case number 16-CV-03631.) On September 28, 2016, United States District Judge Edward M. Chen granted the judges' motion to dismiss with prejudice.

Intentional Infliction of Emotional Distress (against all defendants); (5) Conspiracy § 1985 (against all defendants); (6) "Neglect to Prevent Damage" § 1986 (against all defendants); and (7) 5th and 14th Amendment Violations (against all defendants.) (Complaint pp. 8-14.)

### III. THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION

A motion to dismiss is appropriate when the district court lacks subject matter jurisdiction. (Fed. R. Civ. P. 12(b)(1).) The party asserting subject matter jurisdiction has the burden of proving that the court has jurisdiction over the claims. (*Robinson v. United States* 586 F.3d 683, 685 (9th Cir. 2009).) This Court lacks subject matter jurisdiction here for at least three reasons:

A. The Eleventh Amendment bars suits which seek damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies; and

B. The *Younger* abstention doctrine requires the dismissal of a federal complaint if the state proceedings are ongoing; and

C. The *Rooker-Feldman* doctrine holds that a United States District Court, as a court of original jurisdiction, has no authority to review final determinations of a state court in judicial proceedings.

**A.    Plaintiff's Claims Against the Judicial Defendants Are Barred by the Eleventh Amendment**

The Eleventh Amendment to the United States Constitution states "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." (U.S. Const. Amend. XI.)

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." (*Franceschi v. Schwartz* 57 F.3d 828, 831 (9th Cir. 1995), citing *Durning v. Citibank, N.A.* 950 F.2d 1419, 1422-23 (9th Cir. 1991).) In other words, the Eleventh Amendment grants sovereign

immunity to states against suits filed in federal court. (See *Regents of the University of California, et al. v. Doe*, 519 U.S. 425, 429 (1997).)

"The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" (*Pennhurst State School & Hosp. v. Halderman* 465 U.S. 89, 101 (1984) (internal citations omitted).) Consequentially, the Eleventh Amendment precludes a district court from asserting jurisdiction over claims against state officials sued in their official capacities. (*Leer v. Murphy* 844 F.2d 628, 632 (9th Cir. 1988).) State courts are state entities for the purpose of Eleventh Amendment immunity. (*Greater Los Angeles Council on Deafness, Inc. v. Zolin* 812 F.2d 1103, 1110 (9th Cir. 1987) ("state case law and constitutional provisions make clear that the Court is a State agency.")) The Eleventh Amendment also bars actions against state agencies unless Congress expresses to the contrary or the state agency unequivocally waives the immunity. (*Belander v. Madera Unified School District* 963 F.2d 248, 249 (9th Cir. 1988).)

In the present case, all of the Judicial Defendants are state officials for purposes of the Eleventh Amendment. The only alleged actions taken by the defendant judges were taken in their official capacities in the course of Plaintiff's underlying criminal prosecution, and thus, the Eleventh Amendment bars this action against them. Similarly, as a state entity, any cause of action against the Superior Court is barred. Accordingly, Plaintiff's claims against all Judicial Defendants are barred by the Eleventh Amendment and the complaint must be dismissed.

**B.     Plaintiff's Complaint Should Be Dismissed Based Upon the *Younger* Abstention Doctrine**

It is the general rule that federal courts must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. (*Younger v. Harris* 401 U.S. 37, 40-41, n.2 (1971).) Absent extraordinary circumstances, abstention in favor of state court proceedings is required if the state court proceedings: (1) are ongoing,

(2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. (*Hirsh v. Justices of the Supreme Court of the State of California* 67 F.3d 708, 712 (9th Cir. 1995).) This is known as the *Younger* abstention doctrine.

When the *Younger* abstention doctrine applies, the complaint must be dismissed. (*Gibson v. Berryhill* 411 U.S. 564, 577 (1973).) Abstention is appropriate where a party seeks to invoke federal jurisdiction for the purpose of restraining state proceedings or invalidating a state law. (See *United States v. Adair* 723 F.2d 1394, 1402 n.5 (9th Cir. 1983).) Here, Plaintiff asks this court to find that the state court had no jurisdiction to proceed in his criminal prosecution following his three appeals. Essentially, Plaintiff asks this court to find that the state court has no jurisdiction to proceed in his upcoming trial. Such a ruling would necessarily interfere with the state court proceedings concerning Plaintiff's criminal prosecution. If Plaintiff believes the state court has no jurisdiction to proceed with the pending trial, his remedy is within the state court, and not as a complaint for damages in federal court. Therefore, to the extent that the state court case is still proceeding, this Court is prevented from interceding pursuant to *Younger*.

### C. Plaintiff's Complaint Is Barred Under the *Rooker-Feldman* Doctrine

Plaintiff contests the actions taken by the Judicial Defendants in the state court because he contends the state court judges had no jurisdiction to continue with his criminal prosecution pending the issuance of remittiturs. This Court does not have subject matter jurisdiction to review the decisions of the Superior Court and therefore Plaintiff's Complaint must be dismissed.

"The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." (*Worldwide Church of God v. McNair, et al.* 805 F.2d 888, 890 (9th Cir. 1986).) In other words, district courts "may

not exercise appellate jurisdiction over state courts[.]" (*Ibid.* citing *Rooker v. Fidelity Trust Co.* 263 U.S. 413, 415-16 (1923).) This rule applies "even when the challenge to the state court decision involves federal constitutional issues." (*McNair, supra,* 805 F.2d at 891 (citing *District Court of Columbia Court of Appeals v. Feldman* 460 U.S. 462, 484-86 (1983).)) State courts are "as competent as federal courts to decide federal constitutional issues[,]" and "any other rule would result in a waste of judicial resources and unnecessary friction between state and federal courts." (*McNair, supra,* 805 F.2d at 891 (internal citations omitted).) The rule also applies to the decisions of both the state's highest court as well as the state's lower courts. (*Id.* at 893, n.3.)

To the extent Plaintiff states he is making constitutional claims under 28 U.S.C. § 1983, such constitutional claims are "inextricably intertwined" with the state court's decision, so the district court does not have jurisdiction. (*McNair, supra,* at 891-92; *Feldman, supra,* 460 U.S. at 482 ("[i]f the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the district court is in essence being called upon to review the state court decision").) In other words, "the district court does not have jurisdiction if it cannot evaluate the constitutional claims without conducting a review of the state court's legal determinations in a particular case." (*Lefcourt v. Superior Court* 63 F.Supp.2d 1095, 1098 (N.D. Cal. 1999).)

The Supreme Court has held that the *Rooker-Feldman* doctrine is properly applied to a federal lawsuit "brought by [a] state court loser[]complaining of injuries caused by [a] state-court judgment[]." (*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.* 544 U.S. 280, 283, 125 S.Ct. 1517 (2005); *accord Lance v. Dennis* 546 U.S. 459, 463, 126 S.Ct. 1198, 1201 (2006).) This is the precise situation that is now before this Court. In order for this Court to award Plaintiff relief, it must review the determinations of the state court judges to proceed in the criminal prosecution, specifically, the state court judges' determination that they did in fact

have jurisdiction to move forward with the case. To grant Plaintiff relief, this Court would need to examine those decisions and determine that they were made in error. The *Rooker-Feldman* doctrine strictly forbids this Court from reviewing or altering state court decisions. Thus, this motion to dismiss must be granted.

### IV. ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFF'S COMPLAINT

Even if this Court has jurisdiction to review Plaintiff's claims, any possible cause of action by Plaintiff is barred by the doctrine of judicial immunity. Judicial officers are entitled to unqualified immunity. The U.S. Supreme Court established the rule that judges are immune from civil suits arising out of the exercise of their judicial functions. (*Mireles v. Waco*, 502 U.S. 9, 11 (1991).) The Superior Court similarly enjoys judicial immunity, as it cannot be held liable where its employees are immune (Cal. Gov. Code, § 815.2(b).) Therefore, the complaint must be dismissed pursuant to Rule 12(b)(6).

"[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." (*Bradley v. Fisher*, 80 U.S. 335, 347 (1871).)

The Court in *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) stated that:

> [T]he factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

"A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." (*Shucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).) Whether a particular act is judicial for purposes of

judicial immunity relates "to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." (*Stump, supra*, 435 U.S. at 362.) Even the determination of whether a court has jurisdiction in the first instance is a judicial act for immunity purposes: "…error in such determination is itself within the rule of immunity. In general, if any reasonable ground for the assumption of jurisdiction is shown, the immunity applies." (*Taliaferro v. County of Contra Costa*, 182 Cal.App.2d 587, 593 (1960).)

In the present case, Plaintiff seeks damages based upon acts taken by Superior Court judges while performing functions normally handled by judicial officers: presiding over the criminal proceedings in the Superior Court. As part of their judicial functions, the judges determined that they had jurisdiction to proceed despite Plaintiff's various interlocutory appeals. As noted above, a judge's decision that he or she has jurisdiction to proceed is one cloaked by judicial immunity, so long as a reasonable basis for jurisdiction exists. Here, a reasonable basis exists because an interlocutory appeal does not divest a lower court of jurisdiction as to matters not related to the appeal. (*Willett & Burr v. Alpert*, 181 Cal. 652, 662 (1919).) Therefore, the judges had a reasonable basis to assume jurisdiction to continue with Plaintiff's criminal prosecution.

The Superior Court enjoys the same judicial immunity as the individual judges. A public entity is not liable for an injury resulting from an act or omission by an employee of the public entity where the employee is immune from liability. (Cal. Gov. Code, § 815.2(b).) Therefore, the Superior Court can only be liable to the extent that the judges who took the relevant actions can be liable. Because the Superior Court judges in this case enjoy judicial immunity, that immunity is extended to the Superior Court. Accordingly, the motion to dismiss must be granted.

## V. PLAINTIFF'S STATE CLAIMS MUST BE DISMISSED BECAUSE HE FAILED TO COMPLY WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT

Because Plaintiff fails to allege compliance with the California Government Claims Act[2] ("the Act"), his state law claims must be dismissed. Plaintiff asserts state law claims in three causes of action: (1) false arrest and imprisonment; (2) kidnapping; and (3) intentional infliction of emotional distress. "[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." (*State of California v. Superior Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1243 (2004).) "Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." (*Id.*)

California Government Code § 945.4 states:

> [N]o suit for money or damages may be brought against a public entity . . . until a written claim therefore has been presented to the public entity and has been acted upon . . . .

With exceptions not relevant here, claims procedures that apply to public entities also apply to claims related to acts allegedly committed by public employees in the scope of their employment. (*Rogers v. Centrone*, 261 Cal.App.2d 361, 365 (1968).) As a condition precedent to a suit against a public entity, the Act requires the timely presentation of a written claim for money or damages. (Cal. Gov. Code, §§ 911.2, 945.4, 950.2.) The failure to present a timely claim bars the plaintiff from bringing suit. (See, *e.g., Phillips v. Desert Hospital District*, 49 Cal.3d 699, 708 (1989); *Abelleira v. District Court of Appeal*, 17 Cal.2d 280, 293 (1941); *Torres v. County of Los Angeles*, 209 Cal.App.3d 325, 337 (1989).)

"The presentation of a claim to a public entity and its rejection are prerequisites to maintaining suit against the entity. (Cal. Gov. Code, §§ 905, 945.4.) Failure to comply with mandatory requirements is fatal to the cause of action." (*Nguyen v. Los Angeles County Harbor/UCLA Medical Center*, 8 Cal.App.4th 729, 732 (1992); *Tietz v. Los Angeles Unified*

---

[2] Though the California statute was traditionally known as the Tort Claims Act, the Supreme Court of California refers to title 1, division 3.6, parts 1 through 7 of the California Government Code (sections 810 et seq.) as the Government Claims Act. (*City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-742 (2007).)

*School Dist.*, 238 Cal.App.2d 905, 911 (1965).) In *Tietz*, a demurrer without leave to amend was proper because the plaintiff could not honestly plead that a claim had been presented to the public entity prior to the time that the suit was brought. (*Id.* at p. 912.)

Plaintiff's state law claims must be dismissed because the failure to comply with the claims presentation requirements of the Act is fatal to Plaintiff's state law causes of action.

## VI. CONCLUSION

This Court does not have subject matter jurisdiction to hear the claims in Plaintiff's Complaint. In addition, the Judicial Defendants have absolute judicial immunity. As to Plaintiff's state court claims, he failed to allege compliance with the Government Claims Act. Because Plaintiff failed to state a claim upon which relief can be granted, the Complaint against the Judicial Defendants should be dismissed without leave to amend.

DATE: August 14, 2017         BOLD, POLISNER, MADDOW, NELSON & JUDSON

By: /s/ Sharon M. Nagle
    SHARON M. NAGLE

Attorneys for Defendants
Superior Court of California, County of Lake; The Honorable Andrew S. Blum, Presiding Judge of the Superior Court of California, County of Lake; the Honorable Michael S. Lunas, Judge of the Superior Court of California, County of Lake; the Honorable Arnold D. Rosenfield, Judge of the Superior Court of California, County of Lake (Ret.) (erroneously sued as Judge Arnold M. Rosenfield)