IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL NILSEN,

    Plaintiff,

v.

JUDGE ANDREW BLUM, JUDGE MICHAEL LUNAS, JUDGE ARNOLD ROSENFIELD, and SUPERIOR COURT OF CALIFORNIA, COUNTY OF LAKE,

    Defendants.

No. C 17-04175 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this pro se action for violations of the Fourth, Fifth, and Fourteenth Amendments, defendants move to dismiss. For the reasons herein, the motion is **GRANTED**.

## STATEMENT

Pro se plaintiff Michael Nilsen was arrested in Lake County in April 2015 and charged with drunk driving. At some unidentified time during the proceedings in his drunk driving case, he "filed three appeals to the Appellate Department of the Superior Court of California, County of Lake." Nilsen alleges that as a result of these appeals, the Superior Court no longer had jurisdiction of his case until such time as the appellate court returned a remittitur, but that defendants Andrew Blum, Michael Lunas, and Arnold Rosenfield, all judges in the Superior Court of California, County of Lake, nevertheless continued to proceed with his case (Amd. Compl. ¶¶ 9–11, 15–20).

Nilsen's description of these allegedly unlawful proceedings is confusing as it does not explain what decision or decisions he appealed, why he made numerous court appearances before different judges, or what most of those appearances concerned. According to his allegations, in May 2017, Nilsen appeared before Judge Blum, who set a trial date in Nilsen's drunk driving case. Later in May, Nilsen appeared before defendant Judge Arnold Rosenfield. The complaint does not explain the reason for this appearance; however, at the hearing Nilsen objected that Judge Rosenfield did not have jurisdiction over him, and left the courtroom. After he left, Judge Rosenfield issued a bench warrant for non-appearance and Nilsen was arrested and confined. He then appeared before Judge Lunas the next day, May 18, and was again held in custody. On May 19, he appeared before Judge Blum for trial readiness, and a trial date was set for May 24. At all of these appearances, the judges allegedly lacked jurisdiction over Nilsen as a result of his appeal (*id.* ¶¶ 24–28).

Based on the foregoing, Nilsen brings four claims against the judicial defendants, and the Superior Court of California, County of Lake: (1) violation of his Fourth Amendment right to be free from unlawful seizure, (2) denial of due process in violation of his Fifth and Fourteenth Amendment rights, (3) conspiracy to interfere with Nilsen's civil rights pursuant to Section 1985 of Title 42 of the United States Code, and (4) neglect to prevent damages pursuant to Section 1986 of Title 42 of the United States Code.

Defendants move to dismiss for lack of subject matter jurisdiction, failure to state a claim, immunity under the Eleventh Amendment, and judicial immunity. This order follows full briefing and oral argument.

**ANALYSIS**

**1. ELEVENTH AMENDMENT IMMUNITY.**

The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. The Eleventh Amendment's grant of immunity extends to state officials sued in their official capacities. *Leer*

2

*v. Murphy* 844 F.2d 628, 632 (9th Cir. 1988). This includes state courts and their employees. *Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003).

Here, Nilsen asserts claims against California Superior Court judges acting in their official capacities, and therefore his suit is barred by the Eleventh Amendment.

Nilsen's contrary arguments are nonsensical. He argues that the Eleventh Amendment bars suits against a state or "arm of the state," but his suit raises claims against state "actors" acting as "persons . . . under color of law" and not as the state, nor one of its "arms" (Opp. at 6). The phrase "arms of the state" for Eleventh Amendment purposes, however, means state institutions, such as state courts, and state actors, such as judges. *See Simmons*, 318 F.3d at 1161. Defendants all plainly fall within the class of actors afforded immunity under the Eleventh Amendment.

Nilsen further cites *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), in support of his argument that the defendants are not entitled to immunity. That decision, however, specifically limited its holding "to local government units which are not considered part of the State for Eleventh Amendment purposes." *Id.* at 690 n.54. In contrast, California "state case law and constitutional provisions make clear that . . . suit against the Superior Court is a suit against the State, barred by the Eleventh Amendment." *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (superceded by statute on other grounds). Accordingly, Nilsen's invocation of *Monell* is inapt.

## CONCLUSION

Because Nilsen's claims are barred by the Eleventh Amendment, this order does not reach defendants' other arguments for dismissal. Nilsen's claims are **DISMISSED** with prejudice. Nilsen may not amend his complaint since amendment would be futile.

**IT IS SO ORDERED.**

Dated: October 5, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3